J-S50026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTOINE L RIGGINS | : | |
| | : | |
| Appellant | : | No. 1110 EDA 2016 |

Appeal from the PCRA Order November 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0204501-2006

BEFORE:   PANELLA, J., RANSOM, J., and PLATT*, J.

MEMORANDUM BY RANSOM, J.:                  **FILED MARCH 29, 2018**

Appellant, Antoine L. Riggins, appeals from the order entered November 22, 2013, denying his first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 6, 2007, a jury convicted Appellant of first degree murder, conspiracy, robbery, theft, receipt of stolen property, possession of an instrument of crime, and a violation of the Uniform Firearms Act.[1]  Appellant was sentenced on May 15, 2007, to life imprisonment plus a consecutive prison sentence of ten to twenty years.  He did not file a direct appeal.

In August 2007, Appellant *pro se* and timely filed a PCRA petition to reinstate his direct appeal rights *nunc pro tunc*.  This request was granted.

_____

[1] 18 Pa. C.S. §§ 2502, 903, 3701, 3921, 3925, 907, and 6106, respectively.

*   Retired Senior Judge assigned to the Superior Court.

Appellant timely appealed, but his judgment of sentence was affirmed on June 7, 2010. *See Commonwealth v. Riggins*, 4 A.3d 675, (Pa. Super 2010) (unpublished memorandum), *appeal denied*, 20 A.3d 1211, (Pa. 2011).

The Pennsylvania Supreme Court denied *allocatur* on April 26, 2011. Appellant did not petition for *certiorari* with the United States Supreme Court. Accordingly, his sentence became final at the conclusion of the ninety-day time period for seeking review on July 25, 2011. *See* 42 Pa.C.S. § 9945(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review); *see also Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that Sup.Ct.R.13 grants an Appellant ninety days to seek review with the United States Supreme Court). Thus, Appellant had until July 25, 2012 to timely file a PCRA petition. *Id*.

On April 23, 2012, Appellant timely and *pro se* filed a PCRA petition seeking an evidentiary hearing and raising several claims of ineffectiveness of counsel, including that: (1) trial counsel failed to introduce psychological evidence and conduct an investigation into petitioner's psychological makeup; (2) trial counsel failed to object to several *Bruton* violations; (3) trial counsel failed to object to Appellant's inability to confront the medical examiner who conducted the autopsy on the victim's body; (4) trial counsel failed to object to jurisdiction because Appellant was arrested without a warrant and he was illegally arrested; (5) trial counsel failed to assure that the in-court outburst

by the victim's mother did not affect the jury's ability to render a fair verdict; (6) trial counsel failed to object to the admission of a letter that was "purportedly written by Appellant in an attempt to suborn perjury;" (7) trial counsel failed to object to several instances of prosecutorial misconduct; and (8) trial counsel failed to file a motion to sever the case from his co-defendant. The court appointed PCRA counsel, who submitted a **Turner/Finley**[2] no merit letter and motion to withdraw as counsel. **See** Finley Letter, 4/11/13, at 3-4.

Appellant *pro se* filed a response to counsel's **Turner/Finley** letter. The docket indicates that Pa.R.Crim.P. 907 notice would be sent, but no such notice appears in the record. However, Appellant responded to whatever notice he did receive, raising several claims not originally raised in his PCRA petition. The new claims were: (1) trial counsel failed to conduct a reasonable investigation of Appellant's case; (2) trial counsel failed to elicit testimony and conducted ineffective cross examination; and (3) trial counsel failed to rebut the Commonwealth's witnesses at the suppression hearing. **See** Appellant's *Pro Se* Brief at 4-5.

On November 22, 2013, Appellant's petition was formally dismissed. Appellant did not appeal. Instead, he wrote letters to the Post Trial Unit in Philadelphia, asking about the status of his petition. He received a response on January 29, 2014, informing him that his petition had been dismissed.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On February 11, 2014, Appellant *pro se* filed a second PCRA petition. Counsel was appointed and filed an amended PCRA petition, arguing that the January 29, 2014 letter from the Post Trial Unit, constituted newly discovered evidence such that Appellant established a time bar exception. Appellant claimed he had never received notice of the PCRA dismissal and, accordingly, could not timely appeal. On March 18, 2016, Appellant's petition was granted, and his PCRA appellate rights were reinstated *nunc pro tunc*. PCRA counsel was permitted to withdraw, and PCRA appellate counsel was appointed. A timely PCRA appeal was filed.

Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925. Herein, Appellant presents the following seven issues for our review:

1. Did the PCRA court err when it accepted PCRA counsel's letter of no-merit, permitted him to withdraw and dismissed Appellant's PCRA petition in the absence of an evidentiary hearing since PCRA counsel was ineffective as there were numerous meritorious issues warranting the filing of an amended PCRA petition and the granting of an evidentiary hearing?

    A. Was trial counsel ineffective when he failed to challenge the Bruton violation occurring at trial?

    B. Was trial counsel ineffective when he failed to seek a severance of Appellant's case from the co-defendant's?

    C. Was trial counsel ineffective when he failed to conduct a reasonable investigation of Appellant's case prior to trial?

    D. Was trial counsel ineffective when he failed to elicit testimony and conduct effective cross-examination that would have supported Appellant's defense?

J-S50026-17

E. Was trial counsel ineffective when he failed to rebut the Commonwealth's witnesses at the suppression hearing and at trial?

F. Was trial counsel ineffective when he failed to object to instances of prosecutorial misconduct?

G. Was trial counsel ineffective when he failed to raise the issue that Appellant's mandatory life sentence is Cruel and Unusual in violation of the Eight Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution?

Appellant's Brief at 4-5.[3]

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

In this case, the court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 11/22/13. The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are

---

[3] In Appellant's initial PCRA petition, he raised eight issues. *See* Appellant's PCRA petition, 4/23/12. at 5-42. Of these eight issues, only three of these issues were presented in Appellant's counseled PCRA appeal and are labeled A, B and F. Since, Appellant did not raise the remaining five issues, they are waived for the purpose of this appeal and will not be addressed. *See* Pa.R.A.P. 2116(c). We also note that issues C, D, and E are waived because Appellant raised them for the first time in his response to the court's 907 notice, and without seeking leave to amend. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468-69 (Pa. Super. 2007) (stating that Appellant's response to the 907 letter issued by the PCRA court should only raise objections to issues already argued in the corresponding PCRA petition and should not raise new issues.).

- 5 -

no genuine issues concerning any material fact, the defendant is not entitled to post-conviction relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1); *see also Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008).

Appellant initially asserts at paragraph 1, that his first PCRA counsel was ineffective. *See* Appellant's Brief at 10-13. We presume counsel is effective, and Appellant must prove otherwise. *See Commonwealth v. Cox*, 983 A.2d 666, 678 (2009). To prevail, Appellant must plead and prove by a preponderance of evidence that: (1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective, reasonable basis; (3) and that Appellant suffered actual prejudice as a result of counsel's actions or inaction. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice, Appellant must show that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008). Counsel may not be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003). Indeed, a claim will be denied if the petitioner fails to meet any one of these requirements. *See Springer*, 961 A.2d at 1267.

Appellant claims that his initial PCRA counsel was ineffective for filing a *Turner/Finley* letter and that the trial court erred in granting his motion to withdraw. *See* Appellant's Brief at 10-13. This issue was properly raised on

appeal, although not raised in Appellant's initial PCRA petition. **See Commonwealth. v. Henkel**, 90 A.3d 16, 23 (Pa. Super. 2014) (stating that "it was well settled that PCRA petitioners not only could, but had to assert claims of PCRA counsel ineffectiveness for the first time on appeal if they were no longer represented by that PCRA attorney.").

Counsel was properly permitted to withdraw after fulfilling the requirements of **Turner/Finley**. Where counsel determines that there are no meritorious issues raised in a PCRA petition, and the court agrees, counsel may withdraw after filing a "no merit" letter. **See Turner**, 544 A.2d at 928-29; **Finley**, 550 A.2d at 215. Specifically, (1) counsel must detail the nature and extent of his review; (2) counsel must list each issue the petitioner wishes to have reviewed; (3) counsel must explain why petitioner's issues are meritless; (4) the PCRA court conducts its own independent review of the record; and (5) the PCRA court agrees with counsel that the petition is meritless. **Id**. Attorney Stephen O'Hanlon complied with the requirements of **Turner/Finley**, and the PCRA court conducted its own review of the record and found Appellant's issues to be meritless. Accordingly, there was no error in the court's order granting counsel's petition to withdraw and dismissing the PCRA petition. **See Turner**, 544 a.2d at 928-29.

In Appellant's second issue "A", he contends that trial counsel was ineffective when he did not object to an alleged **Bruton** violation. **See** Appellant's Brief at 13 (citing to **Bruton v. United States**, 88 S.Ct. 1620,

1627 (1968) (holding that the admission of an incriminating, out-of-court statement by a non-testifying co-defendant violates the Sixth Amendment right to confrontation, even with limiting instructions to the jury)). Appellant argues that despite the redaction of his co-defendant Saul Rosario's statement and cautionary instructions to the jury, he suffered prejudice because the redactions were obvious and because the prosecution relied heavily upon Rosario's statement to discredit Appellant's defense. *Id*. at 13, 19-20.

With regard to **Bruton** claims,

[t]he Confrontation Clause guarantees a criminal defendant the right to cross-examine witnesses. Ordinarily, a witness whose testimony is introduced at a joint trial is not considered a witness "against" a defendant if the jury is instructed to consider the testimony only against a co-defendant. This principle is in accord with the well-established presumption that jurors will abide by their instructions. In **Bruton***,* however, the United States Supreme Court recognized that there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Accordingly, the **Bruton** Court held that, if a non-testifying co-defendant's confession directly and powerfully implicates the defendant in the crime, then an instruction to the jury to consider the evidence only against the co-defendant is insufficient, essentially as a matter of law, to protect the defendant's confrontation rights.

**Commonwealth v. Cannon**, 22 A.3d 210, 217–18 (Pa. 2011) (internal citations and quotations omitted). The United States Supreme Court has clarified that "the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when … the confession is redacted to eliminate not only the defendant's name,

but any reference to his or her existence." ***Richardson v. Marsh***, 107 S.Ct. 1702, 1709 (1987). However, redactions indicated with an obvious blank, the word "delete," symbols, or other indications violate ***Bruton***'s protective rule. ***See Gray v. Maryland***, 118 S.Ct. 1151, 1155 (1998). In Pennsylvania, our state Supreme Court has held that substituting the neutral phrase "the guy" or "the other guy" for the defendant's name is an appropriate redaction. ***Cannon***, 22 A.3d at 218 (citing ***Commonwealth v. Travers***, 768 A.2d 845, 851 (Pa. 2001)).

In the instant case, the co-defendant's statement was properly redacted using the neutral phrases "the other guy," "this guy," and "the guy." ***See*** N.T., 3/1/7, at 199-201. Thus, the redactions were compliant with the requirements of ***Bruton***, ***Travers***, and ***Cannon***. As the redactions were proper and the statement was properly admitted, we reject Appellant's assertion that the Commonwealth's reliance upon the statement was inappropriate. Appellant's claim lacks merit. Accordingly, he is entitled to no relief. ***Loner***, 836 A.2d at 132; ***Springer***, 961 A.2d at 1267.

In issue "B", Appellant argues that trial counsel was ineffective because he did not seek to sever Appellant's case from that of his co-defendant. According to Appellant, his co-defendant's statement to police was not properly redacted and was prejudicial to Appellant. ***See*** Appellant's Brief at 33. Thus, according to appellant, "counsel had a legal obligation to motion for a severance." ***Id***.

Severance is a matter within the sound discretion of the trial court. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1245 (Pa. Super. 2015) (citing to *Commonwealth v. Chester*, 587 A.2d 1367, 1372 (Pa. 1991)). Nevertheless, the law favors a joint trial when co-defendants are charged with conspiracy. *See Chester*, 587 A.2d at 1372. A trial court is required to sever only where the defenses of co-defendants are irreconcilable and exclusive, but "conflicting versions of what took place, or the extents to which they participated in it, is a reason *for* rather than *against* a joint trial because the truth may be more easily determined if all are tried together." *Id*. at 1373 (emphasis added).

As noted, *supra*, the admission of Rosario's statement did not violate *Bruton*. Appellant has provided no other legal basis which would require the court to sever the trials, particularly where conspiracy was charged and where Appellant and his co-defendant offered different versions of the events. *See Chester*, 57 A.2d at 1372-73. Accordingly, the claim lacks arguable merit. *Treiber*, 121 A.3d at 445.

In issue "F", Appellant argues that trial counsel was ineffective for failing to object to alleged prosecutorial misconduct where the prosecutor "deliberately unraveled the redactions in Rosario's statement." *See* Appellant's Brief at 56. Appellant reiterates his *Bruton* argument, which we have previously rejected. *See* Appellant's Brief at 56-57. As stated in our *Bruton* analysis, *supra* the prosecutor is able to comment based on the

evidence from the trial, which included the properly redacted statement of the co-defendant. **See Cannon**, 22 A.3d at 218. Additionally, Appellant concedes in his brief that trial counsel objected to the prosecutor's line of questioning regarding his co-defendant's statement. **Id**. The Prosecution then rephrased the question to "what he heard in this courtroom." **Id**. Thus, this claim lacks arguable merit. **See Loner**, 836 A.2d at 132; **Springer**, 961 A.2d at 1267.

Appellant also claims the prosecutor improperly linked him to Rosario's statement in her opening and closing statements. **See** Appellant's Brief at 58.

Pennsylvania courts have consistently held that a prosecutor is free to comment so long as the comments are based on the evidence, are a reasonable inference therefrom, or are merely oratory flair. **Commonwealth v. Hutchinson**, 24 A.3d 277, 307 (Pa. 2011). The prosecutor is also permitted to fairly respond to arguments raised by the defense. **See Commonwealth v. Tedford**, 960 A.2d 1, 32 (Pa. 2008). However, it is improper for the prosecutor to offer his or her personal opinion regarding the guilt of Appellant. **See Commonwealth v. DeJesus**, 860 A.2d 102, 112 (Pa. 2004).

Since the prosecutor's statements were based on properly admitted evidence, there was no prosecutorial misconduct. **Hutchinson**, 24 A.3d at 307. Accordingly, trial counsel was not ineffective for failing to object. **See Loner**, 836 A.2d at 132.

Finally in issue "G", Appellant claims that trial counsel was ineffective for failing to argue that his life sentence was cruel and unusual punishment because Appellant was nineteen years old at the time of his crimes. *See* Appellant's Brief at 60 (citing to *Miller v. Alabama*, 132 S.Ct. 2455, 2464 (2012) (holding that it is illegal to sentence a juvenile to life imprisonment without the possibility of parole)). Appellant argues that he was a "technical juvenile" entitled to the protection of *Miller* and *Montgomery*. *Miller*, 132 S.Ct. at 2464; *Montgomery v. Louisiana*, 136 S. Ct. 718, (2016), as revised (Jan. 27, 2016).

This issue was properly raised on appeal, although not raised in Appellant's initial PCRA petition. *See Commonwealth v. Jones*, 737 A.2d 214, 223 (1999) (holding that as "long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived.").

However, *Miller* applies to juveniles under the age of eighteen at the time the crimes were committed, and Appellant was nineteen years old at the time of his offense. *Id*.; *see also Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016). In *Furgess*, we rejected the "technical juvenile" argument and reiterated that *Miller/Montgomery* relief is only available to those under eighteen. *Id*. Therefore, Appellant's claim of ineffective assistance of counsel is without merit. *Id*.

Order affirmed. Jurisdiction relinquished.

Judge Platt joins the memorandum.

- 12 -

Judge Panella concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:3/29/18